# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ELVIS EDINGE and BAKOSSI )
CULTURAL & DEVELOPMENT )
ASSOCIATION, )
                                )
         Plaintiff, )
                                )
    v.                        )  C.A. No. 2023-0034-SG
                                )
HOMETOWN STUDIOS BY RED )
ROOF and MEMORIAL BRIDGE )
CONVENTION CENTER, )
                                )
         Defendant. )

## ORDER

Dear Mr. Edinge,

I have examined your Complaint. Upon review, it is clear to me that this Court is without jurisdiction to hear this matter. If you desire to go forward, therefore, you must refile in the Delaware Superior Court.

Your Complaint states claims for "breach of contract" and the tort of "convers[ion]," both actions at law.[1] In relief, you seek only damages, together with a request for amorphous "other relief."[2]

---

[1] Compl. ¶ 1, Dkt. No. 1. The Complaint actually states the tortious cause of action as "conversation," which I presume is a typographical error (despite having endured, over the years, conversations themselves near-tortious).

[2] *Id.* 7 (Prayer for Relief) (pages counted sequentially).

Unfortunately, you have brought this action in the Delaware Court of Chancery, a court of limited jurisdiction. Absent statutory jurisdiction not alleged here, this Court is limited to equitable actions or requests for equitable relief.[3] You have invoked neither. Full relief for your legal actions, moreover, is available at law.[4]

Accordingly, this matter is dismissed, with leave to refile in Superior Court under 10 Del. C. Section 1902. You should be aware that you have limited time to refile under Section 1902; I have attached a copy of that statute to this Letter Order for your reference.

IT IS HEREBY ORDERED:

1. That the Complaint is DISMISSED in its entirety with leave to transfer subject to 10 Del. C. § 1902.

/s/ Sam Glasscock III

Vice Chancellor

---

[3] *E.g. Delawareans for Educ. Opportunity v. Carney*, 2018 WL 4849935, at *5 (Del. Ch. Oct. 5, 2018).
[4] *See* 10 *Del. C.* § 341 *et seq.*

**10 Del. C. § 1902 Removal of actions from courts lacking jurisdiction.**

No civil action, suit or other proceeding brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal. Such proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court. All or part of the papers filed, or copies thereof, and a transcript of the entries, in the court where the proceeding was originally instituted shall be delivered in accordance with the rules or special orders of such court, by the prothonotary, clerk, or register of that court to the prothonotary, clerk or register of the court to which the proceeding is transferred. The latter court shall thereupon entertain such applications in the proceeding as conform to law and to the rules and practice of such court, and may by rule or special order provide for amendments in pleadings and for all other matters concerning the course of procedure for hearing and determining the cause as justice may require. For the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court. This section shall be liberally construed to permit and facilitate transfers of proceedings between the courts of this State in the interests of justice.